UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
REGINALD GOLDMAN,                                          :
                                                           :
                Petitioner,                        :    21-CV-7220 (RA) (OTW)
                                                           :
                -against-                         :    **ORDER**
                                                           :
WARDEN T. MILLS,                                           :
                                                           :
                Respondent.                        :
                                                           :
                                                           :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

On August 27, 2021, Petitioner Reginald Goldman filed a petition for writ of habeas corpus. (ECF 1). On January 6, 2022, Petitioner filed an application for the Court to Request Pro Bono Counsel. (ECF 13). Petitioner argues the following grounds in his petition for relief: (1) Petitioner's right to due process was violated since his counsel was precluded from attending the hearing for his DNA search warrant; (2) the trial court improperly admitted a Youtube video into evidence due to lack of authentication and because its prejudice outweighed its probative value; (3) the trial court improperly admitted testimony by a police officer as a "gang expert"; and (4) the District Attorney failed to show the required probable cause for the DNA warrant. (ECF 1 at 5, 6, 8, 9). For the following reasons, Petitioner's application for appointment of counsel is **DENIED**.

Petitioner's writ of habeas corpus arises from a conviction for Manslaughter in the First Degree in Bronx Supreme Court, Bronx, New York, on May 12, 2016. (ECF 1). The Bronx Supreme Court denied Petitioner's motion to suppress the DNA evidence. *People v. Goldman*, 171 A.D.3d 581, 582 (1st Dept. 2019). In 2019, the First Department granted the motion to suppress the DNA

evidence, found the incriminating Youtube video was not adequately authenticated, reversed the conviction, and remanded the case for a new trial. *Goldman*, 171 A.D.3d at 581. The Court of Appeals then reversed the First Department's ruling in its entirety, denied the motion to suppress the DNA evidence since the requirement of notice and opportunity to be heard was satisfied despite counsel's exclusion from the hearing for the DNA search warrant, found the Youtube video was sufficiently authenticated, and remitted the case to the Appellate Division. *People v. Goldman*, 35 N.Y.3d 582, 594-6 (2020). The First Department, upon remittitur, found that the Petitioner failed to preserve any claim of constitutional error regarding his claim against the admission of testimony by the police officer as an expert on gang language, and, even if there was error it was harmless. *People v. Goldman*, 189 A.D.3d 698, 699 (1st Dept. 2020), *leave to appeal denied*, 36 N.Y.3d 1097, 167 N.E.3d 1278 (2021). The Court further found that the warrant for Petitioner's DNA was supported by probable cause and that the trial court, upon finding that the probative value of it did outweigh any potential for prejudice, properly admitted the Youtube video. *Id.* at 700.

There is no constitutional right to representation in habeas proceedings. *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993). The Court, however, has the discretion to appoint counsel to any person seeking relief under § 2254 when that person is "financially unable to obtain adequate representation" and "the interests of justice so require." 18 U.S.C. §§ 3006A(a) and (a)(2)(B); *see, e.g.*, *Jackson v. Moscicki*, No. 99-cv-2427 (JGK), 99-cv-9746 (JGK), 2000 WL 511642, at *4 (S.D.N.Y. Apr. 27, 2000). "In determining whether to appoint counsel for a habeas corpus petition, the Court applies the same standard used to appoint counsel to other civil litigants, pursuant to 28 U.S.C. § 1915(e)(1)." *Luna v. Artus*, No. 10-cv-2565 (PKC) (KNF), 2010 WL 2594303, at *2 (S.D.N.Y.

June 18, 2010). "Specifically, first, a district court 'must [ ] ascertain whether [a] litigant is able to afford or otherwise obtain counsel.' " *Id.* (quoting *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994)).

In considering whether to appoint counsel, the Second Circuit has established the following standard:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986); *see e.g., Cary v. Ricks*, No. 00-cv-8926 (RWS), 2001 WL 314654, at *4 (S.D.N.Y. Mar. 30, 2001) (applying *Hodge* factors to habeas petitioner's request for counsel). For the position to seem likely to be of substance, the Petitioner is not required to show his claims are sufficient to "survive a motion to dismiss or a motion for summary judgment; rather, the Court must find that the claims satisfy a 'threshold showing of merit.'" *Martinson v. U.S. Parole Comm'n*, No. 02CIV.4913 (DLC)(DF), 2004 WL 203005, at *2 (S.D.N.Y. Feb. 2, 2004). Among the factors to be considered in an analysis under *Hodge* is "whether an evidentiary hearing should be held in connection with the petition" since "[w]here no hearing is to be held, the appointment of counsel is not warranted." *Crayton v. Carlsen*, No. 02-cv-2565 (JSR) (KNF), 2003 WL 169784, at *1 (S.D.N.Y. Jan. 24, 2003) (citing *U.S. ex rel. Cadogan v. LaVallee*, 502 F.2d 824, 826 (2d Cir. 1974)).

Here, Petitioner has claimed an inability to afford or otherwise obtain counsel. (ECF 13 at 1). While he has not provided evidence to this Court to support this claim, he was granted *in*

*forma pauperis* status by the First Department. *People v. Goldman*, 2016 WL 3921545 (1st Dept. 2016). However, Petitioner's position is not likely to be of substance as all of his grounds for habeas corpus were already reviewed and denied by the Court of Appeals and the First Department. *Goldman*, 35 N.Y.3d at 594-5. Furthermore, Petitioner has no need for counsel to conduct investigation or evidentiary hearings. Petitioner has not made any novel arguments not previously raised in state courts and briefing on Petitioner's petition is complete. *See* ECF 1, 12. The petition does not raise complicated issues and the procedural history surrounding Petitioner's case is not particularly complex. Petitioner's application for a writ of habeas corpus can be addressed based on the parties' written submissions and the records that has already been filed on the docket.

Accordingly, the Petitioner's motion for appointment of counsel is **DENIED**. The Clerk of Court is respectfully directed to close ECF 13.

**SO ORDERED.**

Dated: September 29, 2022
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge